# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 5, 2011

143274-5

_____

In re C.M. ROBINSON, Minor.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143274-5
COA: 300648; 300779
St Clair CC Family Div:
10-000200-NA

On order of the Court, the application for leave to appeal the May 26, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. We agree with the Court of Appeals conclusion that clear and convincing evidence supported the statutory grounds for termination at the initial dispositional hearing. MCL 712A.19b(3)(i), (j), and (*l*). Both respondents demonstrate prolonged histories of instability. Respondent mother has had her parental rights to five other children terminated, has failed to benefit from prior services, and has a history of mental health problems with questionable treatment compliance. Respondent father has a conviction for criminal sexual conduct with a minor, is on probation for drug trafficking, and suffers from chronic unemployment.

Although respondents have made attempts to improve their circumstances, the Court of Appeals erred by reversing the trial court's finding that termination was in the child's best interests under MCL 712A.19b(5). As the Court of Appeals partial dissent recognized, the parties' only very recent efforts at improvement do not demonstrate "a sufficient or maintained improvement in their abilities or situations given their prolonged history of problems to suggest . . . that it would not be in the child's best interest to terminate their parental rights." Petitioner points out that the Legislature's 2008 amendment of MCL 712A.19b(5), which deleted the word "clearly" from the statute, suggests that a different burden of proof and standard of review is applicable to the best interests determination. However, regardless of the burden of proof or standard of review that is applied, the evidence overwhelmingly supports termination. Accordingly, we REINSTATE the St. Clair Circuit Court, Family Division, order terminating both respondents' parental rights.

CAVANAGH, J., concurs in result only.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2011

_____

Clerk

t0928